## Case No. 3,978.

### DONAHAY v. HOWLAND et al.

[44 Hunt, Mer. Mag. 623.]

District Court, D. Massachusetts. Jan. 31, 1861.

SEAMEN—WHALING VOYAGE—COOPER'S LAY—DISRATING—EVIDENCE.

[Libel in admiralty by John Donahay against Weston Howland and others.]

F. M. Stetson, for libellant.

R. C. Pitman, for respondents.

SPRAGUE, District Judge. This was a libel by the cooper of the whale ship Manuel Ortis, of New Bedford, for his lay, which, by the shipping articles, was fixed at 1-55. The defence alleged incompetency in the libellant and disrating after a trial and examination by the master. It appeared that after about three months of her voyage the vessel arrived at New-Zealand, where the master disrated the libellant, and shipped one ———— Fox, a cooper, at a 1-40 lay. Fox remained on board about a year.

Held, this is an issue of fact upon evidence very conflicting. My result may surprise both parties. I am not satisfied that the master gave Donahay a fair trial, within the meaning of the articles, but this is not very important, as the articles provide that in case of a disrating the man shall receive the lay his services merit, so that I must inquire as to the actual competency of the libellant.

I think the conflicting evidence may be reconciled by supposing the respondents' witnesses to refer to the cooper's acts during the early part of the voyage, and the libellant's to the latter part. In the latter part came the coopering of the oil more particularly, while at the beginning of the voyage the cooper occupies himself more with the line-tugs, boat-buckets, and what is called "small work." He made some defective small work certainly, but it is not so clear that he could not attend to the substantial and heavy work of the ship. At the shipment he told frankly the ship agent that he did not know how to do "small work." It favors also the position of the libellant, that he was a New-Bedford man, and his qualifications were entirely open to inquiry and information before the contract of shipment was made. I am satisfied that the libellant acted honestly and with no intent to mislead. On the other hand, I think the master acted honestly, though not on sufficient inquiry and trial, for the evidence indicates no inducement or provocation to disrate Donahay, and employ a more expensive cooper. I consider the evidence afforded by the act of the master as weighty, though not conclusive. While Fox was on board it appears that Donahay worked with him, and after he left there was, until the return voyage, no one rated in the ship as cooper, but Donahay. During this time the casks were well made and tight—though there is some doubt as to who made particular casks. Without re-stating the evidence, I am, upon the whole, of opinion that the libellant, after the practice and training of the first year, was a competent cooper, and that he was not before. I therefore allow him a 1-50 lay as cooper's assistant, up to the end of the fourteen months when Fox left, and for the residue of the voyage (eighteen months) I allow the lay fixed by the articles, (1-55,) with costs to the libellant.

Unless the counsel, upon taking time, can agree as to the amount to be decreed upon the above principles, the case will go to an assessor to report the particulars of the proceeds of the voyage, etc.